UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN TROY ROUCHON, | ) | NO. CV 14-3096 AGR |
| Plaintiff, | ) | |
| v. | ) | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

Plaintiff Kevin Troy Rouchon filed this action on May 13, 2014. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 8, 10.) On January 29, 2015, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

## I.

## PROCEDURAL BACKGROUND

On November 1, 2011, Rouchon filed an application for supplemental security income, alleging an onset date of November 1, 2011. Administrative Record ("AR") 11. The application was denied. AR 11, 24. Rouchon requested a hearing before an Administrative Law Judge ("ALJ"). AR 33. On January 22, 2013, the ALJ conducted a hearing at which Rouchon and a vocational expert testified. AR 251-64. On February 6, 2013, the ALJ issued a decision denying benefits. AR 8-20. On February 28, 2014, the Appeals Council denied the request for review. AR 4-6. This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Rouchon has the severe impairment of schizoaffective disorder. AR 13. Rouchon has the residual functional capacity to perform a full range of work at all exertional levels, but secondary to Rouchon's schizoaffective disorder with occasional auditorial hallucinations, he can perform simple repetitive object oriented tasks with no public contact. AR 16. He has no past relevant work. There are jobs that exist in significant numbers in the national economy that he can perform such as hand packager, laborer-store, bakery worker and checker. AR 19.

## C. Treating Physician

Rouchon contends the ALJ erred in evaluating the opinion of Dr. Franc, his parole psychologist.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002).

Dr. Franc completed a medical opinion form re: ability to do work-related activities (mental) on July 3, 2012. AR 227-28. He opined that Rouchon was seriously limited, was unable to meet competitive standards, or had no useful ability to function in most work-related activities. AR 227-28. He opined that Rouchon would be absent from work more than four days per month due to his impairments or treatment. AR 228.

The ALJ gave Dr. Franc's opinion "little weight."[2] AR 18. He found that Dr. Franc's findings were internally inconsistent with his own objective findings. AR 18. The ALJ may properly discount a treating physician's opinion that is not supported by treatment records. *See Bayliss*, 427 F.3d at 1216; *Thomas*, 278 F.3d at 957 (ALJ need not accept treating physician's opinion that is inadequately supported by clinical findings). The ALJ noted that in Dr. Franc's one mental status evaluation, conducted on November 9, 2010 before the alleged onset date,

---

[2] Contrary to Rouchon's argument, the ALJ articulated the weight he afforded to Dr. Franc's opinion. AR 18.

4

Dr. Franc found no significant or serious mental symptoms or signs. Rouchon's speech, thought process, high cortical functioning and short and long term memory were all within normal limits. He could perform simple calculations, and he was alert and oriented x3. Rouchon reported that his mood was good. AR 18, 196. Rouchon's thought content contained no delusions, hallucinations, obsessions, or phobias, and the voices were somewhat controlled by medication. AR 196. Dr. Franc diagnosed Rouchon with schizoaffective disorder, adult antisocial behavior, and found a Global Assessment of Functioning ("GAF") of 50.[3] He recommended a treatment plan that consisted of "obtain[ing] SSI," "participat[ing] in treatment as required by registration status," and "work[ing] toward prosocial behavior." AR 197.

The record contains Dr. Franc's treatment records. On March 21, 2011, Dr. Franc indicated that Rouchon came on time, his living situation was stressful, and he had no suicidal or homicidal ideations. AR 191. On May 9, 2011, Dr. Franc indicated that Rouchon had medication and had no suicidal or homicidal ideations. AR 189. As of the alleged onset date of November 1, 2011, Dr. Franc treated Rouchon in group therapy sessions only, which the ALJ noted.[4] AR 18, 198. From January 2012 through July 2012, Dr. Franc's treatment notes indicated that Rouchon was on time and he participated in his offender group. AR 236, 238-39, 241-43, 245.

Rouchon contends that "ample evidence" from other treating mental health providers supports Dr. Franc's opinion. He argues that records from before the

---

[3] A GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. text rev. 2000) ("DSM-IV-TR").

[4] The ALJ properly considered the nature and extent of the doctor's treating relationship with the claimant in evaluating medical opinion evidence. *See* 20 C.F.R. § 416.927(c)(2)(ii).

onset date in 2011 indicate that his mood was dysthymic and anxious, his affect was constricted, and his auditory hallucinations were markedly reduced with medication. AR 188, 192, 195. He argues that in January 2012, he complained of poor sleep, persistent voices, and depression, and was diagnosed with schizoaffective disorder and depression. AR 185. He argues that in September 2012, he reported feeling "a little depressed," had difficulty remembering things, had a reduced appetite, had difficulty getting out of bed in the morning, felt hopelessness and helplessness at times, felt lack of energy, and felt lack of motivation. AR 233. He also experienced auditory hallucinations that put him down and told him he was useless. JS 8; AR 233.

The ALJ thoroughly reviewed Rouchon's mental health records, beginning with records before the onset date. AR 13-18  Commissioner argues that the record shows that Rouchon had a GAF of 65-70 in January 2012, indicating mild symptoms. AR 218; see DSM-IV-TR 34. In the same month, treating psychiatrist, Dr. Crandall, noted that Rouchon was calm and cooperative with no evidence of psychosis. AR 14, 185. She advised him to interact with people and to consider vocational rehabilitation or volunteer opportunities. AR 185. In November 2012, Rouchon had no complaints, no suicidal or homicidal ideations, no hallucinations or delusions, and no anger or depression. AR 14, 231. He had fair impulse control and eye contact. AR 231. The records indicate that medication "markedly reduced" Rouchon's auditory hallucinations. AR 114, 195.

It is the ALJ's province to resolve conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523. The ALJ could have reasonably concluded that Dr. Franc's objective findings and the mental health records as a whole do not support the extreme limitations Dr. Franc assessed.

6

Rouchon argues that the ALJ should have sought clarification from Dr. Franc regarding the basis of his opinion. Rejection of a treating physician's opinion does not by itself trigger a duty to contact the physician for further explanation. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). The ALJ made no finding that the evidence was ambiguous or that the record was inadequate to allow for proper evaluation. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). Therefore, the ALJ did not have a duty to recontact Dr. Franc.

The ALJ articulated specific and legitimate reasons, supported by substantial evidence in the record, for discounting Dr. Franc's opinion. The ALJ did not err.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 16, 2015

*Alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge